UNITED STATE DISTRICT COURT
for the
DISTRICT OF MINNESOTA

| | |
|---|---|
| Disability Support Alliance, on behalf of its members; and Scott Smith,<br><br>Plaintiffs,<br><br>vs.<br><br>Kvasnik Properties I, LLC,<br><br>Defendant. | Case No. 0:15-cv-03711-JNE-JSM<br><br>ANSWER |

Comes now Kvasnik Properties I, LLC, and for its Answer to Plaintiff's Complaint:

## INTRODUCTION

1. Denies the allegations of paragraph 1 of Plaintiffs' complaint.

2. Denies the allegations of paragraph 2 of Plaintiffs' complaint.

3. Denies the allegations of paragraph 3 of Plaintiffs' complaint.

4. Denies the allegations of paragraph 4 of Plaintiffs' complaint.

5. States that it is without knowledge sufficient to form a belief concerning Plaintiffs' motives in bringing this action and therefore denies the same.

## JURISDICTION AND VENUE

6. Admits that the Court has subject matter jurisdiction of claims brought under the Americans with Disabilities Act, and pendent jurisdiction over claims under the Minnesota Human Rights Act.

7. Admits that venue is proper in the United States District Court for the District of Minnesota.

PARTIES

8. States that it is without information sufficient to form a belief as to the matters alleged in paragraph 8 of Plaintiff's complaint and therefore denies the same.

9. States that it is without information sufficient to form a belief as to the matters alleged in paragraph 9 of Plaintiff's complaint and therefore denies the same.

10. States that it is without information sufficient to form a belief as to the matters alleged in paragraph 10 of Plaintiff's complaint and therefore denies the same.

11. Admits that Defendant owns the premises at 2301 37th Avenue N.E., Columbia Heights and otherwise denies the allegations of paragraph 11 of Plaintiff's complaint.

FACTUAL BACKGROUND

12. States that it is without sufficient information to admit or deny the allegations of paragraph 12 of Plaintiff's complaint, and therefore denies the same.

13. States that it is without sufficient information to admit or deny the allegations of paragraph 13 of Plaintiff's complaint, and therefore denies the same.

14. States that it is without sufficient information to admit or deny the allegations of paragraph 14 of Plaintiff's complaint, and therefore denies the same.

15. States that it is without sufficient information to admit or deny the allegations of paragraph 15 of Plaintiff's complaint, and therefore denies the same.

16. States that it is without sufficient information to admit or deny the allegations of paragraph 16 of Plaintiff's complaint, and therefore denies the same.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

17. Paragraph 17 and subparts of Plaintiff's complaint appears to be a recitation of the legislative history of the ADA and not the "short and plain" statement of the claim required by Rule 8 F.R.Civ.P.

18. Paragraph 18 of Plaintiff's complaint appears to be a recitation of the legislative history of the ADA and not the "short and plain" statement of the claim required by Rule 8 F.R.Civ.P.

19. Paragraph 19 of Plaintiff's complaint appears to be a recitation of the history of the ADA and not the "short and plain" statement of the claim required by Rule 8 F.R.Civ.P.

20. Paragraph 20 of Plaintiff's complaint appears to be a recitation of the history of the ADA and not the "short and plain" statement of the claim required by Rule 8 F.R.Civ.P.

21. Paragraph 21 of Plaintiff's complaint appears to be a recitation of the history of rules promulgated pursuant to the ADA and not the "short and plain" statement of the claim required by Rule 8 F.R.Civ.P.

22. Paragraph 22 of Plaintiff's complaint appears to be a recitation of the history of rules promulgated pursuant to the ADA and not the "short and plain" statement of the claim required by Rule 8 F.R.Civ.P.

23. Paragraph 23 of Plaintiff's complaint appears to be a recitation of the history of rules promulgated pursuant to the ADA and not the "short and plain" statement of the claim required by Rule 8 F.R.Civ.P.

24. Paragraph 24 of Plaintiff's complaint appears to be a recitation of the history of rules promulgated pursuant to the ADA and not the "short and plain" statement of the claim required by Rule 8 F.R.Civ.P.

25. Paragraph 25 of Plaintiff's complaint appears to be a recitation of the history of rules promulgated pursuant to the ADA and not the "short and plain" statement of the claim required by Rule 8 F.R.Civ.P.

26. Paragraph 26 of Plaintiff's complaint appears to be a recitation of the history of rules promulgated pursuant to the ADA and not the "short and plain" statement of the claim required by Rule 8 F.R.Civ.P.

27. Paragraph 27 of Plaintiff's complaint appears to be a recitation of the history of rules promulgated pursuant to the ADA and not the "short and plain" statement of the claim required by Rule 8 F.R.Civ.P.

FACTUAL ALLEGATIONS

28. Denies the allegations of paragraph 28 and subparts of Plaintiffs' complaint.

29. States that paragraph 29 of Plaintiff's complaint is not a statement of fact, and cannot be admitted or denied and should be stricken.

30. Denies the allegations of paragraph 30 of Plaintiffs' complaint.

31. Paragraph 31 of Plaintiffs' complaint appears to be a statement or conclusion of law and Defendant denies the same.

32. Denies the allegations of paragraph 32 of Plaintiffs' complaint.

33. States that it is without information sufficient to form a belief as to the truth of the allegations of paragraph 33 of Plaintiffs' complaint and therefore denies the same.

34. Denies the allegations of paragraph 34 of Plaintiffs' complaint.

## FIRST CAUSE OF ACTION
## 42 U.S.C. §§12101 et seq.

35. Except to the extent hereinbefore specifically admitted, denies the allegations of paragraph 35 of Plaintiffs' complaint.

36. States that paragraph 36 of Plaintiff's complaint appears to be a recitation of a statute, and requires neither an admission nor a denial.

37. States that paragraph that paragraph 37 of Plaintiff's complaint appears to be a paraphrase of a statute, and requires neither an admission not a denial.

38. Denies the allegations of paragraph 38 of plaintiffs' complaint.

39. Denies the allegations of paragraph 39 of plaintiffs' complaint.

40. Denies the allegations of paragraph 40 of plaintiffs' complaint.

41. States that it is without information sufficient to form a belief about Plaintiffs' intentions and therefore denies the same.  Denies that Plaintiffs' have suffered irreparable harm or will suffer such in the future.

42. Admits the allegation concerning the "authority of the court," but denies that injunctive relief is appropriate under the circumstances.

43. Denies that Plaintiffs are entitled to attorney's fees.

## SECOND CAUSE OF ACTION
## Minn. Stat. Chapter 363A

44. Except to the extent hereinbefore specifically admitted, denies the allegations of paragraph 44 of Plaintiffs' complaint.

45. States that paragraph 45 and subparts of Plaintiff's complaint appears to be a recitation of a statute, and requires neither an admission nor a denial.

46. States that paragraph that paragraph 46 of Plaintiff's complaint appears to be a paraphrase of a statute, and requires neither an admission not a denial.

47. Denies the allegations of paragraph 47 of plaintiffs' complaint.

48. Denies the allegations of paragraph 48 of plaintiffs' complaint.

49. Denies the allegations of paragraph 49 of plaintiffs' complaint.

50. States that it is without information sufficient to form a belief about Plaintiffs' intentions and therefore denies the same as alleged in paragraph 50. Denies that Plaintiffs' have suffered irreparable harm or will suffer such in the future.

51. Admits the allegation concerning the "authority of the court," but denies that injunctive relief is appropriate under the circumstances as alleged in paragraph 5

52. Denies that Plaintiffs are entitled to attorney's fees.

## THIRD CAUSE OF ACTION
## Civil Damages for Bias Offenses

53. Except to the extent hereinbefore specifically admitted, denies the allegations of paragraph 53 of Plaintiffs' complaint.

54. States that paragraph 54 and subparts of Plaintiff's complaint appears to be a recitation of a statute, and requires neither an admission nor a denial

55. States that paragraph 55 and subparts of Plaintiff's complaint appears to be a recitation of a statute, and requires neither an admission nor a denial.

56. Denies the allegations of paragraph 56 of Plaintiffs' complaint.

## AFFIRMATIVE DEFENSES

1. States that Plaintiffs' complaint fails to state a claim upon which relief may be granted.

2. The federal lawsuit instituted is unjustified and unwarranted in the circumstances of the matters alleged.

3. Plaintiffs' request for injunctive relief is not justified under the circumstances.

4. Plaintiffs' claims for equitable relief are barred by Plaintiff's failure to do equity.

**WHEREFORE**, Defendant prays that Plaintiffs take nothing by their pretended cause of action, and that Defendant have judgment to that effect together with costs.

October 20, 2015                              STEWART C. LOPER, P.A.


                                              By-- /s/ Stewart C. Loper
                                              Stewart C. Loper
                                              Attorney I.D. No. 64476
                                              8400 Normandale Lake Blvd. Ste. 920
                                              Minneapolis, MN 55437
                                              (Tel.) 952 921-2440
                                              stewart@loperlawpa.com

                                              ATTORNEYS FOR DEFENDANT